IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
(NASHVILLE DIVISION)

| | |
|---|---|
| BRENDA THURMAN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HCA INC., et. al.,<br><br>Defendants. | Case No. 3:05-CV-01001<br>Judge William J. Haynes, Jr. |

## ORDER AND FINAL JUDGMENT

This action came on for a final hearing, held on March 23, 2009, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated November 26, 2008 (the "Agreement").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the

Agreement as its Judgment, and orders that the Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiff is asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

The Court determines that the Settlement has been negotiated vigorously and at arm's length by Plaintiff and Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that her interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiff and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement

constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. The Class Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. The Court approves payment from the Settlement Fund to Gilardi & Co. LLP in the amount of $62,504.72 for their work in connection with providing notice to the Class.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), with the Settlement Class being defined as follows:

> All current and former participants in the Plan for whose individual accounts the Plan held an interest in the common stock of HCA at any time from January 12, 2005 to and including November 17, 2006 ("the class period"). Excluded from the Class are Defendants herein, all officers and directors of Defendant HCA during the class period, members of Defendants' immediate families, and the heirs, successors or assigns of any of the foregoing.

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints as Class

Counsel Kenneth J. Vianale of Vianale & Vianale LLP, Thomas J. McKenna of Gainey & McKenna, and Robert I. Harwood of Harwood Feffer LLP.

The Court hereby dismisses the Complaint against all Defendants with prejudice based on the Settlement.

As of the date of Complete Settlement Approval, Plaintiff, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The Court awards class counsel an attorneys' fee of $900,000, which represents 30 % of the Settlement Fund, plus accrued interest, and orders that class counsel be reimbursed for costs and expenses in the amount of $88,915.97, all to be paid from the Settlement Fund, as provided for in the Stipulation. The Court finds that this fee and expense award is fair and reasonable based on all of the circumstances of this case.

Plaintiff Brenda Thurman shall receive a "Case Contribution Award" of Two Thousand Five Hundred U.S. Dollars and no cents ($2,500.00), to be paid from the Settlement Fund. Such sum shall be remitted to Class Counsel from the Settlement Fund, and Class Counsel shall be solely responsible for allocating the Case Contribution Award to the Plaintiff. Defendants shall

not bear any responsibility for this allocation or be subject to any claims or suit under this Agreement for the same.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this 23rd day of March, 2009.

HONORABLE WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE